IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| STEWART TITLE GUARANTY COMPANY, | ) ) ) | C.A. NO. 1:10-CV-01369-MBS |
| PLAINTIFF, | ) ) | |
| vs. | ) ) ) | **DEFENDANT'S ANSWERS TO RULE 26.03 DISCLOSURES** |
| JACQUELINE F. BUSBEE, | ) ) | |
| DEFENDANT. | ) ) | |

(1) A short statement of the facts of the case;

**RESPONSE**: Plaintiff asserts that Ms. Busbee deviated from the standard of care in failing to conduct her business in a sound manner; failing to properly cause to be paid and cause to be canceled of record superior liens and other encumbrances; failing to issue Stewart Title title insurance policies according to recognized underwriting practices; failing to issue title insurance policies with appropriate exceptions as to liens, defects, encumbrances, and/or objections to title; failing to assure the conveyance documents or the documents utilized to secure payment of the loan in question contained accurate descriptions of the property in question or accurate plat reference; and failing to assure there was legal access to the properties in question.

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony;

**RESPONSE**:
a. Jacqueline Busbee

No written or recorded statement has been taken. The Defendant is expected to testify concerning the allegations contained in the Plaintiffs' Complaint and as to damages set forth therein.

b. Representative of Stewart Title Guaranty Company

No written or recorded statement has been taken. The Plaintiff's representative is expected to testify concerning the allegations contained in the Complaint and as to damages set forth therein.

c. Representative of Buckhead Land Group, LLC

No written or recorded statement has been taken other than as may be contained in the closing and/or legal documents. The witness is expected to testify in accordance with his records concerning services provided by him to the Defendant.

    d.    Representative of Heritage Capital Investments of Augusta, Inc.

No written or recorded statement has been taken other than as may be contained in the closing and/or legal documents. The witness is expected to testify in accordance with his records concerning services provided by him to the Defendant.

    e.    Representative of Regions Bank

No written or recorded statement has been taken other than as may be contained in the closing and/or legal documents. The witness is expected to testify in accordance with his records concerning services provided by him to the Defendant.

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered);

**RESPONSE**: The Parties agree to disclose expert witnesses in accordance with the deadlines reflected in the Scheduling Order filed July 29, 2010.

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same;

**RESPONSE**: Defendant has asserted the following defenses to Plaintiff's claims:

a. The Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted, and the Complaint should be dismissed pursuant to Rule 12(b)(6), FRCP.

b. At all times, the Defendant complied with her legal and ethical duties with respect to his representation of the Plaintiff.

c. Any alleged deviation, which deviation is expressly denied, from the standard of care did not proximately cause any injury to the Plaintiff.

    d. At all times, the Defendant complied with the standard of care with respect to her representation of the Plaintiff.

    e. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

    f. Plaintiff's claims are barred by the applicable statute(s) of limitations.

    g. Whatever injuries or damages were suffered by the Plaintiff, if any, were due to, caused by, and were the sole negligence of third parties over whom this Defendant has no control, and were not caused by any acts or omissions on the part of this Defendant.

    h. The Plaintiff's claims for punitive damages are barred by the South Carolina and United States Constitutions.

    i. Defendant specifically pleads as an affirmative defense to the allegations in the Plaintiffs' Complaint, accord and satisfaction, release, payment, or any other matter constituting avoidance or affirmative defense which may arise and develop as discovery in this case proceeds.

(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

    (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures

    (b) Completion of discovery.

**RESPONSE:** The Parties have agreed to the deadlines reflected in the Scheduling Order filed July 29, 2010.

(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).

**RESPONSE**: The Parties have agreed to the deadlines reflected in the Scheduling Order filed July 29, 2010.

(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE**: None requested.

                          YOUNG CLEMENT RIVERS, LLP

                          By: /s/ Christine K. Toporek
                          D. Jay Davis, Jr.  Federal I.D. #: 6723
                          Christine Kent Toporek Federal I.D. #:  9814
                          P.O. Box 993, Charleston, SC  29402
                          (843) 720-5402; E-mail:  ctoporek@ycrlaw.com
                          Attorneys for the Defendant Jacqueline F. Busbee

Charleston, South Carolina

Dated: August 31, 2010