IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Stewart Title Guaranty Company, | ) | C/A No. 1:10-cv-01369-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **LOCAL RULE 26.03 RESPONSES** |
| Jacqueline F. Busbee, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Stewart Title Guaranty Company (Stewart Title) in the above matter respectfully submits the following Rule 26(f) Report and Local Rule 26.03 Response:

**(1)** **A short statement of the facts of the case:**

Stewart Title is a duly licensed title insurance underwriter in the State of South Carolina, with is headquarters in Texas. The Defendant, Jacqueline F. Busbee (Busbee) was, at all time relevant to the matters set forth in the complaint, a duly authorized Stewart Title title insurance issuing agent.

On or about November 14, 2000, Stewart Title and Busbee entered into a Retainer Agreement which provided, among other things, that "the relationship between [Busbee] and [Stewart Title] ... is that of Attorney and Client, and the responsibility and liability of each party to the other shall be governed by the law relating to Attorney and Client...." The Retainer Agreement also provided that Busbee would be liable to Stewart Title for any loss Stewart Title might sustain or incur under any Stewart Title title insurance policy issued by Busbee if that loss was occasioned by Busbee's negligence, occasioned by an error in abstracting title, occasioned by an error in the examination of the title to the insured property or any loss resulting from Busbee's violation of any portion of the Retainer Agreement. Finally, the Retainer Agreement provided that Busbee would also be liable to

Stewart Title for all reasonable costs and expenses incurred by Stewart Title in connection with any loss for which Busbee could be liable, including any attorneys fees incurred by Stewart Title in regard to any such loss.

As a duly authorized title insurance issuing agent pursuant to the Retainer Agreement, Busbee closed multiple transactions involving lots or parcels of real property located principally in Aiken County which had been or were in the process of being developed, sold, financed and/or refinanced by Buckhead Land Group, LLC, its related companies and/or its or their principals.

The relevant transactions closed by Busbee involved generally lots or parcels of real property which were sold by or to and/or were being financed or refinanced by or on behalf of Buckhead.

For each of the transactions Busbee closed, depending on the type or structure of the transaction, Busbee issued either a Stewart Title owner's title insurance policy, a Stewart Title lender's title insurance policy or both.

Beginning in 2004, and continuing up until the date of the Complaint, Stewart Title has received or been notified of a series of claims involving the property and/or the transactions described generally above. Thus far, Stewart Title has received claims or been notified of claims involving over seventy (70) properties. In addition, since 2004, Stewart Title has been involved in a series of lawsuits, including several foreclosure actions some of which remain pending, in which Stewart Title has been called upon to defend the title or lien of an insured or has been forced to file lawsuits in an attempt to restore title as it was insured pursuant to the owner's or lender's policies issued by Busbee on behalf of Stewart Title. In many instances were Stewart Title has received or been notified of a claim pursuant to a title insurance policy issued by Busbee, Stewart Title has had to engage associate counsel, and incurred attorneys fees and costs thereby, to evaluate the claim, to

defend the insured in covered litigation or to bring an action in an attempt to clear or cure the title issue raised by the claim.

The types of claims Stewart Title has received or been notified of in regard to the foregoing include, but are not necessarily limited to, claims asserting that superior liens have not been properly paid and satisfied of record, claims asserting that property descriptions in deeds and/or mortgages were so vague as to render such deeds and/or mortgages ineffective to convey or encumber property, claims asserting the existence of superior liens, encumbrances or other defects in title not listed as exceptions to coverage under the relevant title insurance policies, claims asserting that title to the property was not in either the seller or the borrower, claims asserting a lack of legal access to the property, and claims asserting incorrect or inaccurate property descriptions and plat references in deeds or mortgages.

Stewart Title has been reimbursed by or on behalf of Busbee for numerous claims that it has paid prior to the institution of this action. There are, however, a number of claims for which Stewart Title has not been reimbursed and/or remain pending. In addition, Stewart Title has not be reimbursed for any of the costs, expenses and attorneys fees it has incurred as a consequence of the claims made in regard to Busbee issued title insurance policies. Stewart Title seeks reimbursement for the claims for which it has not been paid and for the reasonable costs, expenses and attorneys fees it has incurred in regard to the claims concerning which it has been notified in regard to title insurance policies issued by Busbee.

Stewart Title is not seeking punitive damages.

**(2)** **The names of any fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

(a) A representative of Stewart Title who will testify regarding the claims made against Stewart Title title insurance policies issued by Busbee, the amounts paid by Stewart Title in regard to these claims as well as the costs, expenses and attorneys fees incurred by Stewart Title in regard to these claims.

**(3)** **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Neither party has identified either an expert witness or witnesses who may testify at the trial of this case. The parties agree to disclose expert witnesses in accordance with the deadlines reflected in the Scheduling Order filed July 29, 2010.

The expert so identified by Stewart Title will be prepared to testify as to the standard of care of a real estate closing attorney such as Busbee in the same or similar circumstances.

**(4)** **A summary of the claims and defenses with statutory and/or case citations supporting the same;**

Stewart Title's complaint asserts against Busbee claims sounding in common-law breach of contract and common-law professional negligence.

**(5)** **Absent special instructions from the assigned judge, the parties shall propose dates for the deadlines listed in Local Rule 16.02;**

    **(a)** Exchange of Fed.R.Civ.P. 26(a)(2) expert disclosures; and

    **(b)** Completion of Discovery.

The undersigned believes that the Scheduling Order deadlines are acceptable to all parties.

**(6)** **Special circumstances affecting scheduling order time frames.**

At this time Stewart Title is not aware of any special circumstances affecting scheduling.

**(7)** **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

None requested.

                                                         CALLISON TIGHE & ROBINSON, LLC

                                                         s/Louis H. Lang, Esq.
                                                         Louis H. Lang, Esq., Fed. I.D. No. 204
                                                         1812 Lincoln St., Ste. 200
                                                         PO Box 1390
                                                         Columbia SC  29202-1390
                                                         Ph:  (803) 404-6900
                                                         Fx: (803) 404-6902

                                                         Attorneys for Plaintiff

Columbia, South Carolina
September 7, 2010

G:\1000\1027.200\Pleadings\LR 26.03 Response.wpd